UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANDRE PERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:20-cv-00574-JRS-MG |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Andre Perry's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case WVE 19-10-0092. For the reasons explained in this Entry, Mr. Perry's petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

Indiana Department of Correction (IDOC) Officer Hancock wrote a report of conduct charging Mr. Perry with a violation of IDOC Adult Disciplinary Code B-231, intoxicants:

> On 10-26-19 at approximately 3:30 pm I c/o Hancock found 4 squares of paper that in my professional experience are known to be used as an intoxicant. These items were found in GHU415 where offender Lofton, Thomas #132899 and offender Perry, Andre #988283 reside.

Dkt. 9-1. Officer Hancock completed a notice of confiscated property form for the paper and photographed this evidence. Dkt. 9-2; dkt. 9-3.

Mr. Perry was notified of the charge on November 6, 2019. He pleaded not guilty and declined to call any witnesses. Dkt. 9-4. He requested the confiscation report and the shift logbook and asked that the paper be tested for intoxicants. *Id.* He also requested video from the date of the incident to show what was taken from his cell and wanted to know which cell had been searched before his. *Id.* A video summary of the incident was prepared, but "[d]ue to video quality and lighting" items taken from the cell cannot be discerned. Dkt. 9-10. The video summary indicated that information about the previous cell that was searched was "irrelevant to the case." *Id.* The Court has reviewed the video that was filed *ex parte* and finds that the video provides no helpful evidence. Dkt. 11; dkt. 14.

In response to Mr. Perry's request that the paper be tested for intoxicants, Officer Davis stated that the items would not be sent to the lab "unless outside charges are filed." Dkt. 9-6. Officer Davis further wrote that:

> It is common within the DOC that small squares also known as 'stamps' and small 'strips' of paper, are contaminated with intoxicants. Those 'strips' or 'stamps' are smoked for the purpose of intoxication.

*Id.* Mr. Perry later requested that Officer Hancock provide a statement of his education and experience with the identification of intoxicants and his length of employment at the IDOC. Dkt.

9-7. Officer Hancock responded that he has "the knowledge and training to distinguish the smell of intoxicants" but declined to provide information about his length of employment because it was irrelevant and "not of [Mr. Perry's] concern." Dkt. 9-11.

This matter proceeded to a disciplinary hearing on December 5, 2019. Dkt. 9-9. Mr. Perry stated that his due process rights were violated because the paper was not tested. *Id.* He claimed that "[e]verbody has intoxicants" and without testing, one "cannot say 4 random pieces of paper are intoxicants." *Id.* The disciplinary hearing officer (DHO) considered the staff reports, Mr. Perry's statement at the hearing, the logbook, and pictures of the paper and found Mr. Perry guilty. *Id.* The DHO also considered a copy of a witness statement that Mr. Perry provided for his cellmate, Offender Lofton; in this statement, Mr. Perry claimed ownership of the paper. *Id.*; *see also* dkt. 9-12. Mr. Perry's sanctions included deprivation of earned credit time and a demotion in credit earning class. Dkt. 9-9.

Mr. Perry's appeals to the Facility Head and the IDOC Final Reviewing Authority were unsuccessful. Dkt. 9-13; dkt. 9-15. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

The Court discerns that Mr. Perry raised the following grounds in his petition: (1) the IDOC violated policy; (2) there was insufficient evidence to support his charge; and (3) he was denied evidence because the paper was not tested. Dkt. 1 at 3-11.

### 1. IDOC Policies and State Law Claims

Mr. Perry claims that he suffered procedural errors due to the facility not following IDOC policy. *Id.* at 3. It is unclear precisely what policies Mr. Perry contends were violated—for example, he states that he was treated unfairly, that the report of conduct does not state what

3

intoxicant he possessed, and that he would only be allowed testing if outside charges occurred. *Id.* at 3-11; dkt. 15 ("petitioner protests against policies and procedures that he has proven to have unfair standards."). But it is of no consequence to identify which policies Mr. Perry believes the facility violated because any of those arguments fail.

Policy claims fail because prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, habeas relief on these grounds is denied.

### 2. Laboratory Testing of Substance

Mr. Perry's argument that a test should have been performed on the paper fails. There is no constitutional right to laboratory testing of suspected contraband. *See Manley v. Butts*, 599 F. App'x 574, 576 (7th Cir. 2017) (petitioner "not entitled to demand laboratory testing"). So long as other evidence is sufficient, which the Court will further discuss is the case here, there is no due process violation where laboratory testing is denied. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Id.*

Accordingly, Mr. Perry is not entitled to habeas relief on this ground.

### 3. Sufficiency of Evidence

Without proper testing, Mr. Perry argues that his conviction was based on a false accusation of possession of intoxicants, and thus, challenges the sufficiency of the evidence. Dkt. 1 at 4. Code 231-B prohibits inmates from "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Dkt. 9-16 at 7. An intoxicating substance includes "[a]nything which if taken into the body may alter or impair normal mental or physical functions, not including tobacco." Dkt. 9-17 at 5.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

Here, the details from the conduct report meet the "some evidence" threshold to support Mr. Perry's charge. Officer Hancock searched Mr. Perry's cell and found squares of paper that in his "professional experience," as an officer, "are known to be used as an intoxicant." Dkt. 9-1. Officer Hancock further referenced his experience stating that he possesses knowledge and training "to distinguish the smell of intoxicants." Dkt. 9-11. A correctional officer's opinion that a substance appears to be an illegal or prohibited drug satisfies the "some evidence" standard. *See Burks-Bey v. Vannatta*, 130 F. App'x 46, 48 (7th Cir. 2004) ("As to whether it was tobacco the guards found, prison officials do not need a chemist to help decide the question.") (citing *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir.2004) (even in a criminal trial, chemical analysis is not required to prove the identity of a suspected controlled substance)); *see also United States v. Pigee*, 197 F.3d 879, 890 (7th Cir.1999) (a sentencing judge may determine that cocaine base was crack through witness testimony; chemical analysis is not required). Mr. Perry's arguments that the conduct report is void of details about Officer Hancock "smelling" anything on the paper and that "mere gut feelings are not enough" to identify something as an intoxicant, are unpersuasive. Officer Hancock is an IDOC officer, and he may offer testimony based on his experience in that role. By the nature of his position, Officer Hancock has "professional experience" identifying and confiscating contraband, and this experience is "some evidence" that the DHO could consider and rely upon in finding Mr. Perry guilty. *Ellison*, 820 F.3d at 274.

And there is other evidence as well. Photographs and the confiscation form further support the allegations in the conduct report. The conduct report is corroborated by Officer Davis' email explaining that small squares of paper referred to as "stamps" or "strips" are commonly "contaminated with intoxicants" that can be smoked. Dkt. 9-6. This is the kind of intoxicant that could be "made" or "possessed" by an offender as encompassed in Code B-231. Mr. Perry did not

6

deny possessing the paper – rather, he took responsibility for it in a witness statement for his cellmate. The DHO considered the staff reports, Mr. Perry's statements, and the physical evidence, all of which provide "some evidence" to support a finding of guilt.[1] Accordingly, Mr. Perry is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Perry to the relief he seeks. Accordingly, Mr. Perry's petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/7/2021

*(signature)*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANDRE PERRY
988283
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

---

[1] To the extent that Mr. Perry contends that the DHO was biased in his finding because no laboratory test was conducted, this argument also fails. "[T]he constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). The presumption is overcome such as when a DHO has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Mr. Perry has made no showing to overcome the presumption of impartiality. As previously discussed, Mr. Perry was not entitled to a laboratory test and there was "some evidence" to support his charge.

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov